In re F. G. M. ASSOCIATES, INC., Debtor.

F. G. M. ASSOCIATES, INC., Plaintiff,

v.

CITY OF EAST PROVIDENCE, Defendant.

Bankruptcy No. 8100956.
Adv. No. 810412.

United States Bankruptcy Court, D. Rhode Island.

Feb. 19, 1982.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R. I., for plaintiff.

Nathaniel J. Rendine, Asst. Sol., East Providence, R. I., for defendant.

## DECISION GRANTING PLAINTIFF'S COMPLAINT FOR PRELIMINARY INJUNCTION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on Plaintiff, F.G.M. Associates, Inc.'s complaint requesting an injunction against the Defendant, City of East Providence, which would permit the Plaintiff to retain its liquor license, while its rights with respect to said license are determined in appellate proceedings pending in state court.

F.G.M. operates an East Providence nightclub known as Center Stage. Prior to the opening of the Club in September, 1980, the East Providence City Council granted Center Stage a Class B full privilege liquor license, which is required to be renewed each December 1. On November 16, 1981, the City Council held a hearing on Center Stage's application for renewal of its liquor license, and denied the application. F.G.M. appealed to the State Liquor Control Administrator, who sustained the decision of the City Council.

F.G.M. filed a Chapter 11 petition on December 1, 1981, and after hearings on December 23–24, 1981, this Court entered a temporary restraining order directing the East Providence City Council to reinstate the liquor license pending a hearing on preliminary injunction. The hearing on preliminary injunction was concluded on January 11, 1982. On January 15, 1982, F.G.M. filed an appeal from the Liquor Control Administrator's decision with the Providence County Superior Court, where that matter is now pending.

The issues presented are (1) whether this court has the authority to maintain the status quo by allowing the Debtor to sell liquor at its Club pending resolution of the state court issues, and (2) whether the evidence supports the granting of such injunctive relief.

## I THE PRELIMINARY INJUNCTION

Based on the entire record, the Plaintiff's request for a preliminary injunction is granted, and the Center Stage liquor license shall remain in effect pending the resolution of the state appellate procedure.

The elements to be considered in determining whether to grant a preliminary injunction are: (a) whether the plaintiff will suffer irreparable injury if the injunction is not granted, (b) whether the injury to the plaintiff would outweigh any injury to the defendant if the requested relief is granted, (c) whether the plaintiff has exhibited a likelihood of success on the merits, and (d) whether a temporary injunction will adversely affect the public interest. *Auburn News Co., Inc. et al v. Providence Journal Co., et al*, 659 F.2d 273 (1st Cir. 1981).

█ (a) It is clear that the Plaintiff will suffer irreparable harm if it is not permitted to sell liquor. F.G.M.'s treasurer, Marvin Lerman, testified that Center Stage cannot generate a profit without selling alcoholic beverages. He also testified that

if the license does not remain in effect, the Club will be forced to abandon its reorganization efforts and convert to a Chapter 7 liquidation. Consequently, without the relief requested, creditors and investors of F.G.M. will also be irreparably harmed.[1]

(b) Based on the evidence, I find that the inevitable injury to the Plaintiff without the injunction would outweigh any injury to the Defendant if the Club continues to operate with a liquor license pending appeal of the Liquor Control Administrator's decision. In this regard, the City expressed its greatest concern over past and potential violation of fire safety regulations. Captain Robert Sauer of the East Providence Fire Department testified, however, that fire safety requirements would be satisfied if the fire lanes and emergency exits remained clear and if no overcrowding was permitted in the Club. Giunio Rainone, Vice President of F.G.M., testified that as of the date of the hearing, he had reached an agreement with Captain Sauer that posts would be installed to prevent cars from blocking the emergency exits. Chief George Rocha of the East Providence Police Department testified that two officers from his department should be able to prevent blocking of fire lanes in the Center Stage parking lot and that on busy nights four officers would be necessary when an adjacent parking lot was used. Mr. Lerman gave assurance that the Debtor would provide the required number of police, depending upon the crowds. Finally, Captain Sauer testified that a representative of the Fire Department would visit Center Stage each night it is open, to check for overcrowding.

The City also complained about litter in adjacent parking lots. I am satisfied, based on the record, that the Plaintiff will provide qualified maintenance service to clean the area prior to the start of business each day.

Based on the foregoing, I conclude that the potential injury to the Defendant (and to the public), while Center Stage is in operation pending the outcome of the state court appellate proceedings, does not outweigh the injury to the Plaintiff which would result if the license were not kept in effect.

(c) While it is difficult in any case to estimate the Plaintiff's probability of success on the merits, I must conclude, for the purpose of this hearing, that F.G.M.'s appeal to the Superior Court has substantial merit. According to the evidence, there has been a considerable change in circumstances since the City Council's decision refusing renewal late in 1981. Additionally, the abrupt refusal by both the East Providence City Council and the State Liquor Control Administrator to renew Center Stage's liquor license, without warning or suspension (even though there was no evidence of violations for selling to minors or intoxicated persons) appears extreme, and could be a basis for the Plaintiff to obtain relief on the merits.

(d) Finally, the court must consider whether this preliminary injunction will adversely affect the public. As discussed above, F.G.M. has indicated to my satisfaction that it will take the necessary precautions to maintain fire safety and to remove litter[2] caused by its patrons. Consequently, it is reasonable to conclude that an order maintaining the status quo, pending the resolution of the state proceedings, will not adversely affect the public interest.

The Defendant argues that the evidence consists only of promises which have been made and broken many times in the past. If the above assurances are not honored, and should the alleged "same old problems" continue to occur, the Defendant is, of course, at liberty to ask for reconsideration of this order.

---

1. Giunio Rainone, the Vice President of F.G.M., testified that he is personally obligated on certain F.G.M. notes in the amount of $300,000.

   The schedules show unsecured claims of $309,533 and secured claims of $738,718.

2. Although it is a natural tendency in this type of case to pile inference upon inference, it does not seem reasonable to attribute all of the City's woes or trash in this neighborhood to the Debtor's operation.

## II AUTHORITY OF THE BANKRUPTCY COURT TO MAINTAIN THE STATUS QUO BY KEEPING THE DEBTOR'S LIQUOR LICENSE IN EFFECT PENDING STATE APPEALS

The City argues that the Bankruptcy Court has no authority to adjudicate the question of the issuance of the liquor license. The Plaintiff, on the other hand, urges the court to exercise its broad power under 11 U.S.C. § 105 for the purpose of allowing the Club to operate with a liquor license during the appellate proceedings.

It is not the intent of this court to adjudicate the respective rights of the City and the Debtor, vis-a-vis the question of the liquor license, but rather to maintain the status quo pending a determination of that issue in the state court. This is consistent with the congressional intent of permitting a debtor to operate while attempting to reorganize. 11 U.S.C. § 1108. See H.R. Rep.No.95–595, 95th Cong., 1st Sess. (1977) 404, U.S.Code Cong. & Admin.News 1978, p. 5787. Based upon the evidence before me, I feel that the maintenance of the status quo pending a resolution of the liquor license issue in the state courts best balances the interests of all parties and creditors at this time.

This order is without prejudice to the Defendant's right to seek reconsideration (1) should the state appellate procedures continue beyond a reasonable time, or (2) should the Plaintiff fail to take reasonable steps to maintain safety precautions and to control litter on surrounding property. In line with this part of the order, a status conference on this matter is scheduled for April 13, 1982 at 11:30 a. m.